PAMELA M. SCHUUR (SBN 130073)
Attorney at Law
769 San Simeon Drive
Concord, California 94518
Telephone: 408-483-6810
Facsimile: 925-887-4000

Attorney Plaintiff Kite Solutions, Inc.,
a Delaware corporation

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KITE SOLUTIONS, INC, a Delaware corporation,<br>　　　　　Plaintiff,<br><br>vs.<br><br>KITE, a business entity of unknown form; ADAM SMITH, an individual; ASHTON BRAUN, an individual; and DOES 1-10, inclusive;<br><br>　　　　　Defendants. | CASE NO.<br><br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, DECEPTIVE TRADE PRACTICES, AND INJUNCTIVE RELIEF |

Plaintiff Kite Solutions, Inc. ("Kite") brings this complaint against Defendants Kite ("Company"), Adam Smith ("Smith"), and Ashton Braun ("Braun") (collectively "Defendants") for Defendants' infringement of Kite's federally registered trademark and federal and state common law trademark rights, as well as unfair competition and deceptive trade practices.

As its complaint against Defendants, Kite alleges as follows:

NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition pursuant to the

Complaint for Trademark Infringement
Case No.

Lanham Act, 15 U.S.C. §1125(a), the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and unfair trade practices under California's Unfair Competition Law, Bus. & Prof. Code §§17200 *et seq*. As will be set out in greater detail below, Defendants have knowingly and willingly marketed and advertised services using the trademark "Kite," which is the same as, or confusingly similar to, Kite's federally registered and common law trademark rights in the mark KITE. Defendants have continued to use the mark even after Kite requested that they cease. Unless this Court enjoins Defendants' conduct, their use of the mark will continue to cause a likelihood of confusion with, and irreparable harm to, Kite.

## AGENCY ALLEGATIONS

2. Defendants were and are agents for one another.

3. Kite is ignorant of the true names and capacities of Defendants sued as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Kite will amend this Complaint to allege their true names and capacities when ascertained.

4. Kite is informed, believes and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

5. Any allegations about acts of any corporate or other business Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

6. Kite believes and is informed and, on that basis alleges, that each of said Defendants, were in some manner legally responsible for the unlawful actions, unlawful policies and unlawful

practices complained of herein. Kite will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. §1367(a).

8. Venue and personal jurisdiction are proper in the Northern District of California under 28 U.S.C. §1391(b) and (c) and 15 U.S.C. §1121, since, *inter alia*, a substantial part of the events or omissions giving rise to the claims in the district and, on good faith and belief, the Defendants are residents of the district.

## PARTIES

9. Plaintiff Kite Solutions, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Kite provides a Software as a Service platform through which parties can identify opportunities to collaborate, find solutions, and/or implement advertising and marketing campaigns. The platform is available through a mobile application (the "App") marketed under the service mark KITE. The company also maintains a website at www.getkite.co where parties may learn about the App and the services Kite offers. Kite has customers throughout the United States.

10. Upon information or belief, Defendant Company is a business entity of unknown corporate structure, which has a principal place of business at 77 Federal Street, Suite 200 San Francisco, California 94107. Company has advertised its services under the infringing mark on the internet, and is actively raising funds for its company from investors under the infringing mark.

11. Upon information or belief, Defendant Adam Smith is an individual who resides, has resided, does business or has done business at 77 Federal Street Suite 200 San Francisco, California

---

Complaint for Trademark Infringement
Case No.

94107. Smith is identified as the founder of the Company.

12. Upon information or belief, Defendant Ashton Braun ("Braun") is an individual who resides, has resided, does business or has done business at 77 Federal Street Suite 200 San Francisco, California 94107. Braun is identified as a co-founder of the Company as well as director of business development.

## FACTS GIVING RISE TO THIS ACTION

A. <u>Kite and its Trademark Usage</u>

13. Kite has launched an innovative solution that provides users the ability to find cutting edge solutions to, and opportunities for, a wide range of business needs, from marketing and advertising to custom software development. Kite generates revenues through the fees its users pay for the service. Kite has also raised funds from third party investors through private placements.

14. Kite is the sole and exclusive owner of the registered mark KITE.® The mark is registered with United States Patent and Trademark Office (the "USPTO") on its Principal Register as follows:

| | |
|---|---|
| Providing Software as a Service via computers, mobile phones, wired and wireless communication devices and electronic communications networks for use in posting, transmitting, retrieving, reviewing, receiving, organizing, searching and managing content and marketing campaigns; providing Software as a Service via computers, mobile phones, wired and wireless communication devices and electronic communications networks to communicate information for purposes of business and community networking; providing Software as a Service via computers, mobile phones, wired and wireless communication devices and electronic communications networks for users to communicate with others; computer services in the nature of customized web and mobile pages featuring user-defined information, personal profiles and images; providing Software as a Service via computers, mobile phones, wired and wireless communication devices and electronic communications networks for management, customization and execution of marketing and advertising campaign; providing Software as a Service via computers, mobile phones, wired and wireless communication devices and electronic communications networks to store, manage, track, analyze and report data related to marketing, promotional and advertising campaigns; storage of data for third parties. | International Class 042 |

Complaint for Trademark Infringement
Case No.

| | |
|---|---|
| Advertising and marketing services, namely, promoting goods and services for businesses; providing an online searchable database featuring marketing and advertising opportunities; promoting the goods and services of others via computers, mobile phones, wired and wireless communication device and electronic communications; advertising, marketing and promotional services related to all industries for the purpose of facilitating networking and business opportunities; brand and marketing metrics tracking, namely, services relating to the analysis, evaluation, creation of promotional and marketing programs. | International Class 035 |

A printout from the USPTO Trademark Electronic Search System ("TESS") reflecting these registrations is attached hereto as **Exhibit 1.** The registrations remain in full force and effect. Kite has continuously used the KITE® mark since its first use on or around September 1, 2013.

15. Kite's federal trademark registration was duly and legally issued, is valid and subsisting, and constitutes prima facie evidence of Kite's exclusive ownership of the KITE® mark. (Collectively the federally registered mark with the common law marks are the "Kite Marks")

16. Kite has significantly invested in the advertising, promotion and development of the Kite Marks. As a result of such advertising and promotion, Kite has established substantial goodwill and widespread recognition in the Kite Marks, and the Kite Marks have become associated with Kite by customers, potential customers, investors and potential investors.

17. To create and maintain goodwill among its customers and the public at large, Kite has taken substantial steps to ensure that its services are of the highest quality. As a result, Kite's services are recognized as an industry standard.

18. The popularity of Kite's services continues to grow and Kite has a reasonable expectation of expansion into related goods and services.

19. As a result of, *inter alia,* Kite's investment and dedication to developing and providing high quality services under the Kite Marks and Kite's extensive advertising, sale and promotion of its branded services, the Kite Marks have acquired secondary meaning.

B. <u>Defendant's Use of an Infringing Trademark.</u>

20. On or about May 2, 2014, Smith reached out to Mark Hendrickson, a founder of Kite, to inquire as to whether Smith could use the mark KITE for an admittedly similar service. Smith conveyed to Hendrickson that (a) he was aware of Kite's federal registrations; (b) aware of Kite's product offerings; and (c) aware of the ways in which his proposed product offering would be similar to Kite's existing products offerings.

21. On or about May 5, 2014, Hendrickson, on behalf of Kite, declined to grant Smith's team permission to use KITE name or mark for its offerings. Hendrickson advised Smith that Kite was concerned about the likelihood of confusion in the marketplace, among other concerns.

22. On or about August 13, 2014, Kite discovered that the url www.kite.com was now home to a landing page announcing a new venture from Smith and Braun. Per the LinkedIn page for the Company "We're a startup based in San Francisco with a solid team, backed by world-class investors, solving some seriously technical problems. Check us out, sign up for our mailing list, and follow us on Twitter @kitedotcom." Attached as **Exhibit 2** are screenshots of the Company's materials.

23. Kite approached the Defendants after discovering the launch of the Company. Kite reminded Smith and Braun that using the Kite name for their company would infringe on the Kite Marks. Defendants again refused to change course.

C. <u>The Likelihood of Confusion and Injury Caused by Defendants' Actions.</u>

24. Defendants' unauthorized use of the Kite Marks in connection with the promotion and sale of services that are similar to, and in the same channel of trade as, the services Kite currently offers will likely cause consumer confusion or mistake, or deceive the consumers, as to the source of the goods. The problem is exacerbated because both companies are in the space that Kite has a reasonable expectation of expansion.

25. Defendants' unauthorized use of the Kite Marks falsely implies an endorsement from, or affiliation with, Kite.

Complaint for Trademark Infringement
Case No.

26. Defendants' behavior since at least May 2014 strongly suggests that unless restrained and enjoined, Defendants are likely to continue to commit the acts complained of herein. Defendants' continued bad faith actions will continue to cause irreparable harm to Kite.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT
(Against All Defendants)

27. Kite hereby alleges and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Defendants' unauthorized use of the KITE mark, and approximations and simulations thereof (including but not limited to the domain name kite.com), in interstate commerce is likely to cause confusion, mistake or deception as to the source of the services, or imply Kite's association with or sponsorship of Defendants' services.

29. Kite has been and is being damaged by Defendants' trademark infringement. Monetary damages alone is not an adequate remedy at law for the ongoing trademark infringement. Defendants' unlawful conduct will continue to damage Kite unless this Court enjoins the Defendants.

30. Based on the Defendants' previous knowledge of Kite's federally registered trademark and continued activities in the face of such prior knowledge, Defendants' trademark infringement is willful.

WHEREFORE, Plaintiff prays judgment as set forth below.

## COUNT II
### FEDERAL UNFAIR COMPETITION
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT
(Against All Defendants)

31. Kite hereby alleges and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32.  Defendants' adoption and use of the mark KITE, and approximations or simulations thereof, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of Defendants' services as being those of the Plaintiff. Since this is not the case, Defendants' actions constitute a false description or representation used in interstate commerce.

33.  Kite has been and will be damaged by Defendants' violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Kite unless the Court enjoins them.

34.  Based on Defendants' previous knowledge of Kite's federally registered trademark and continued activities in the face of such prior knowledge, Defendants' federal unfair competition violation is willful.

WHEREFORE, Plaintiff prays judgment as set forth below.

COUNT III
FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT
VIOLATION OF SECTION 43(d) OF THE LANHAM ACT
(Against All Defendants)

35.  Kite hereby alleges and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36.  Defendants own the domain name www.kite.com.

37.  The domain name kite.com incorporates the mark KITE for use with services that are confusingly similar to those Kite offers.

38.  Kite alleges on information and belief that Defendants acquired the domain name in bad faith, knowing that Kite had a registered trademark for the mark KITE.

39.  Defendants' actions constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

40.  Defendants' unauthorized registration and use of the infringing domain name have

Complaint for Trademark Infringement
Case No.

caused, and, unless enjoined, will continue to cause, irreparable injury to Kite.

WHEREFORE, Plaintiff prays judgment as set forth below.

## COUNT V
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17500 – UNTRUE OR MISLEADING ADVERTISING
(Against All Defendants)

41. Kite hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Beginning in at least May 2014, and continuing to the present time, Defendants have engaged in advertising to the public, including Kite, using marks that create a false impression that the Company is the same as, endorsed by, affiliated with, Kite.

43. Defendants knew, or by the exercise of reasonable care should have known, that their statement(s) was/were untrue or misleading and so acted in violation of Business and Professions Code Section 17500. By reason of the foregoing, the Defendants' have engaged in, and continue to engage in, acts of unfair and deceptive competition in violation of California law.

44. Kite has suffered injury in fact and has lost goodwill as a result of the violations alleged above in this Complaint. Such conduct on the part of the Defendants has caused, and will continue to cause, irreparable harm to Kite, for which Kite has no adequate remedy at law.

45. Unless restrained by this court, Defendants will continue to engage in untrue and misleading advertising, as alleged above, in violation of Business and Professions Code Section 17500 thus tending to render judgment in the instant action ineffectual.

WHEREFORE, Plaintiff prays judgment as set forth below.

## COUNT V
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 – UNFAIR ACTS OR PRACTICES
(Against All Defendants)

46. Kite hereby realleges each and every allegation contained in the foregoing paragraphs as

if fully set forth herein.

47. The court has jurisdiction over this action pursuant to California Business and Professions Code §§17200 *et seq*. Business and Professions Code §17203 provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Business and Professions Code §17204 provides that any relief pursuant to the Unfair Competition Law shall be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

48. Kite is informed and believes that Smith and Braun are operating Company at 77 Federal Street, Suite 200, San Francisco, California 94107.

49. Knowing that Kite had a federally registered mark in KITE, in May 2014, Defendants approached Kite about using the mark with permission. Defendants were explicitly denied permission.

50. In August 2014, Defendants launched their Company anyway, infringing on the Kite Marks. Defendants rebuffed all overtures by Kite to stop using or infringing the Kite Marks.

51. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged herein, Kite has been damaged in the marketplace. Kite is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result.

52. Kite is informed and believes, and thereon alleges, that Defendants' unfair acts as described above are a serious and continuing threat to Kite and the public. If Defendants are allowed to continue their wrongful acts, Kite and the public will suffer further immediate and irreparable

Case3:14-cv-04299-EMC Document1 Filed09/24/14 Page11 of 20

11

injury, loss, and damage. Kite is further informed and believes, and based thereon alleges, that, in the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business practices. Unless restrained by this court, Defendants will continue to engage in using the Kite Marks to market their product offerings to the public and to potential investors, as alleged above, in violation of Section 17200 of the California Business and Professions Code. Kite, and members of the general public will have no adequate remedy at law in that individual suits for rescission and restitution will not be economically justified because of the relatively small amounts that would be due to each customer, and each investor, while additional suits under Section 17200 of the Business and Professions Code would lead to a multiplicity of judicial proceedings.

WHEREFORE, Plaintiff prays judgment as set forth below.

## COUNT VII
### TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW
(Against All Defendants)

53. Kite hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. As alleged above, Defendants' have infringed Kite's senior common law trademark rights in the Kite's Marks.

55. The Defendants' acts alleged herein have diluted and harmed Kite's Marks and the goodwill associated with them. Therefore, Kite has suffered, and will continue to suffer, damages and injuries to its business, reputation and goodwill, for which Kite has no adequate remedy at law unless this Court enjoins the behavior.

56. Such conduct on the part of the Defendants' have caused and will continue to cause irreparable harm to Kite.

WHEREFORE, Plaintiff prays judgment as set forth below.

Case No.

## RELIEF REQUESTED

For the above stated reasons, Kite prays that the Court:

A. Preliminarily and permanently enjoin the Defendants, including all partners, officers, agents, servants, employees, attorneys and all those persons and entities in active concert or participation with them, from using KITE or any mark confusingly similar to the Kite's Marks, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices.

B. Enter judgment that Defendants willfully engaged in trademark infringement, unfair competition and unfair trade practices under the laws of the United States and State of California.

C. An order requiring Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns and all others active in concert or participation with them or otherwise controlled by them, as well as any others that may become aware of the enjoinment ordered by the Court, to transfer the domain www.kite.com to Kite.

D. Direct Defendants to deliver to Kite for destruction all advertising, promotional materials, or other printed or graphic materials of any type, which bear the mark or infringing domain name.

E. Direct Defendants to pay Kite the actual damages and profits realized by Defendant, and the costs and attorney fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117(a).

F. Award Kite treble damages pursuant to 15 U.S.C. § 1117(b).

G. That Defendants be directed to file with the Court and serve on Kite, within thirty (30) days of entry of the final injunction in this matter, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

H. Award Kite such further relief as this Court may deem just and proper.

Complaint for Trademark Infringement
Case No.

Dated: September 24, 2014

_____/s/ Pamela M. Schuur /s/_____
By: Pamela M. Schuur
Attorney for Plaintiff
Kite Solutions, Inc., a Delaware corporation

Complaint for Trademark Infringement
Case No.

**EXHIBIT 1**

**United States Patent and Trademark Office (the "USPTO") Principal Register**

# United States of America
## United States Patent and Trademark Office

# Kite

| | |
|---|---|
| **Reg. No. 4,514,396** | KITE SOLUTIONS, INC. (DELAWARE CORPORATION) |
| **Registered Apr. 15, 2014** | 555 MARKET ST. 4TH FLOOR<br>SAN FRANCISCO, CA 94105 |
| **Int. Cl.: 35** | FOR: ADVERTISING AND MARKETING SERVICES, NAMELY, PROMOTING GOODS AND SERVICES FOR BUSINESSES; PROVIDING AN ONLINE SEARCHABLE DATABASE FEATURING MARKETING AND ADVERTISING OPPORTUNITIES; PROMOTING THE GOODS AND SERVICES OF OTHERS VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICE AND ELECTRONIC COMMUNICATIONS; ADVERTISING, MARKETING AND PROMOTIONAL SERVICES RELATED TO ALL INDUSTRIES FOR THE PURPOSE OF FACILITATING NETWORKING AND BUSINESS OPPORTUNITIES; BRAND AND MARKETING METRICS TRACKING, NAMELY, SERVICES RELATING TO THE ANALYSIS, EVALUATION, CREATION OF PROMOTIONAL AND MARKETING PROGRAMS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102). |
| **SERVICE MARK** | |
| **PRINCIPAL REGISTER** | |

FIRST USE 9-1-2013; IN COMMERCE 9-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-059,349, FILED 9-9-2013.

RICHARD WHITE, EXAMINING ATTORNEY



*Deputy Director of the United States*
*Patent and Trademark Office*

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

*First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online **at** http://www.uspto.gov.

Page: 2 / RN # 4,514,396

# United States of America
#### United States Patent and Trademark Office

# Kite

| | |
|---|---|
| **Reg. No. 4,514,397** | KITE SOLUTIONS, INC. (DELAWARE CORPORATION)<br>555 MARKET ST. 4TH FLOOR |
| **Registered Apr. 15, 2014** | SAN FRANCISCO, CA 94105 |
| **Int. Cl.: 42** | FOR: PROVIDING SOFTWARE AS A SERVICE VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICES AND ELECTRONIC COMMUNICATIONS NETWORKS FOR USE IN POSTING, TRANSMITTING, RETRIEVING, REVIEWING, RECEIVING, ORGANIZING, SEARCHING AND MANAGING CONTENT AND MARKETING CAMPAIGNS; PROVIDING SOFTWARE AS A SERVICE VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICES AND ELECTRONIC COMMUNICATIONS NETWORKS TO COMMUNICATE INFORMATION FOR PURPOSES OF BUSINESS AND COMMUNITY NETWORKING; PROVIDING SOFTWARE AS A SERVICE VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICES AND ELECTRONIC COMMUNICATIONS NETWORKS FOR USERS TO COMMUNICATE WITH OTHERS; COMPUTER SERVICES IN THE NATURE OF CUSTOMIZED WEB AND MOBILE PAGES FEATURING USER-DEFINED INFORMATION, PERSONAL PROFILES AND IMAGES; PROVIDING SOFTWARE AS A SERVICE VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICES AND ELECTRONIC COMMUNICATIONS NETWORKS FOR MANAGEMENT, CUSTOMIZATION AND EXECUTION OF MARKETING AND ADVERTISING CAMPAIGN; PROVIDING SOFTWARE AS A SERVICE VIA COMPUTERS, MOBILE PHONES, WIRED AND WIRELESS COMMUNICATION DEVICES AND ELECTRONIC COMMUNICATIONS NETWORKS TO STORE, MANAGE, TRACK, ANALYZE AND REPORT DATA RELATED TO MARKETING, PROMOTIONAL AND ADVERTISING CAMPAIGNS; STORAGE OF DATA FOR THIRD PARTIES, IN CLASS 42 (U.S. CLS. 100 AND 101). |
| **SERVICE MARK** | |
| **PRINCIPAL REGISTER** | |

FIRST USE 9-1-2013; IN COMMERCE 9-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-059,355, FILED 9-9-2013.

RICHARD WHITE, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,514,397

**EXHIBIT 2**

**SCREENSHOTS OF COMPANY'S MATERIALS**



https://www.linkedin.com/company/3817468?trk=prof-exp-company-name Last visited on 9/10/14